IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHANNON BERLANT,<br><br>            Plaintiff,<br>    v.<br><br>US ELECTION ASSISTANCE COMMISSION,<br><br>            Defendant. | Case No.: 3:23-cv-00257-AN<br><br>OPINION AND ORDER |

   *Pro se* plaintiff, Shannon Berlant, brings this action against the United States Election Assistance Commission under the Freedom of Information Act, 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. On March 25, 2023, plaintiff filed a Motion for Summary Judgment, ECF [9]. For the reasons set forth below, that motion is STRUCK from the record, and plaintiff is permitted to re-file after complying with Local Rule 7-1(a).

   Local Rule 7-1(a) governs all motions, except those for temporary restraining orders, and requires that the first paragraph of any motion certify that "(A) In compliance with this Rule, the parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so; or (B) The opposing party willfully refused to confer[.]" Under Local Rule 7-1(3), "[t]he Court may deny any motion that fails to meet this certification requirement."

   Plaintiff's motion contains a certification paragraph that states, "In compliance with [Local Rule 7-1], Plaintiff has made a good faith effort to resolve the dispute and has been unable to do so because the opposing party willfully refuses to confer." However, that statement is contradicted by the record. In the initial stages of this case, plaintiff had issues completing proper service of process. Under Federal Rule of Civil Procedure 4(b), a party suing a United States agency must serve both the United States and the agency itself. Fed. R. Civ. Pro. 4(b)(2). To serve the United States, the plaintiff must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is

1

brought . . . or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office" and "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. Pro. 4(i)(1).

According to the record, plaintiff filed her first certificate of service on February 27, 2023. That certificate indicated that she served the Complaint and Summons upon Attorney General Merrick Garland, the U.S. Election Assistance Commission, and the U.S. Attorney for the District of Columbia via certified mail. On March 27, 2023, plaintiff submitted a certificate of service indicating that she had served a copy of the Motion for Summary Judgment upon those same three parties. However, in both instances, plaintiff's execution of service was insufficient under Federal Rule of Civil Procedure 4 because plaintiff served the U.S. Attorney *for the District of Columbia* rather than the U.S. Attorney *for the District of Oregon*. *See* Fed. R. Civ. Pro. 4(i)(1)(A)(i) (requiring party serving a U.S. agency to serve the "United States attorney *for the district where the action is brought*" (emphasis added)).

On April 17, 2023, plaintiff filed a supplemental return of service indicating that she had served the Complaint, Summons, court issued scheduling documents, and the Motion for Summary Judgment upon the U.S. Attorney for the District of Oregon via certified mail. Thus, service was not proper until April 17, 2023, and the U.S. Election Assistance Commission had 60 days from April 17, 2023 to appear and file an answer. Fed. R. Civ. Pro. 12(a)(2) ("[A] United States Agency . . . must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service *on the United States attorney*." (Emphasis added.)). Because the proper entities were not notified of this lawsuit until April 17, 2023, plaintiff's contention that "the opposing party willfully refuses to confer" is unsupported by the record. The opposing party could not confer because it had not been properly notified of the pending lawsuit. Therefore, plaintiff's Motion for Summary Judgment, ECF [9], is STRUCK from the record. *See* Fed. R. Civ. Pro. 13(f)(1) (permitting court to strike impertinent pleadings of its own accord). Plaintiff is permitted to refile her motion after properly conferring with the opposing party.

Additionally, plaintiff filed an Amended Motion for Summary Judgment on May 18, 2023. Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading without leave by this court

within 21 days after serving it.  After 21 days, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a)(2).  Plaintiff's amended motion was filed 54 days after the original motion was filed and 31 days after the original motion was served on the proper parties.  Thus, the Court construes plaintiff's Amended Motion for Summary Judgment as a Motion for Leave to File an Amended Motion for Summary Judgment.  Although "[t]he court should freely give leave when justice so requires," plaintiff's amended motion suffers from the same issue outlined above.  Plaintiff states in the amended motion that "the opposing party willfully refuses to confer or appear," however defendant did not need to file an answer or appear until June 16, 2023.  Thus, the record again does not substantiate plaintiff's contention that the opposing party has been unwilling to confer, nor does it substantiate plaintiff's contention that it has been unwilling to appear.  Therefore, plaintiff's Motion for Leave to File an Amended Motion for Summary Judgment is DENIED.

## CONCLUSION

Plaintiff's Motion for Summary Judgment, ECF [9], is STRUCK from the record. Plaintiff is permitted to refile that motion after properly complying with Local Rule 7-1(a).  Further, the Court construes plaintiff's Amended Motion for Summary Judgment, ECF [12], as a Motion for Leave to File an Amended Motion for Summary Judgment and that motion is DENIED.

IT IS SO ORDERED.

DATED this 25th day of May, 2023.

_____
Adrienne Nelson
United States District Judge