IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHANNON BERLANT,

        Plaintiff,

  v.

U.S. ELECTION ASSISTANCE COMMISSION,

        Defendant.

Case No.: 3:23-cv-00257-AN

OPINION AND ORDER

      Self-represented plaintiff Shannon Berlant brought this action against defendant U.S. Election Assistance Commission, seeking declaratory and injunctive relief to compel defendant to comply with the requirements of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff now moves for reconsideration of the Court's December 2, 2024, order granting summary judgment in defendant's favor. After reviewing the parties' filings, the Court finds this matter appropriate for decision without oral argument. Local R. 7-1(d). For the reasons stated below, plaintiff's motion is DENIED.

## LEGAL STANDARD

      Generally, motions for reconsideration are brought under either Federal Rule of Civil Procedure ("FRCP") 60(b) or FRCP 59(e). FRCP 60(b) applies to final judgments, orders, or proceedings, whereas FRCP 59(e) applies only to judgments. Reconsideration of an order is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). A court should reconsider its earlier decision if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). "Reconsideration motions may not be used to raise new arguments or introduce new evidence if, with reasonable diligence, the arguments and evidence could have been presented during consideration of the

1

original ruling." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 859 (9th Cir. 2022). Ultimately, whether to grant or deny a motion for reconsideration is in the sound discretion of the district court. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

## BACKGROUND

Plaintiff filed this FOIA action against defendant on February 21, 2023. On June 28, 2024, defendant moved for summary judgment. On December 2, 2024, the Court granted summary judgment in defendant's favor, holding that defendant conducted adequate searches in response to plaintiff's eight FOIA requests at issue and properly applied FOIA Exemptions 4 and 6. Op. & Order of December 2, 2024, ECF [42]. On December 31, 2024, plaintiff moved for reconsideration of the Court's December 2, 2024, order and simultaneously filed a notice of appeal to the Ninth Circuit. Pl. Mot. for Recons., ECF [44]; Notice of Appeal, ECF [45].

## DISCUSSION

Plaintiff does not specify whether she seeks reconsideration under FRCP 59(e) or 60(b). Regardless of which standard applies, generally, "the filing of a notice of appeal . . . divests the district court of" jurisdiction. *United States v. PetroSaudi Oil Servs. (Venezuela) Ltd.*, 70 F.4th 1199, 1211 (9th Cir. 2023) (internal alteration, quotation marks, and citation omitted). However, a district court retains jurisdiction if, "at the time [the notice of appeal] was filed[,] there was then a pending motion for reconsideration." *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) (citing Fed. R. App. P. 4(a)(4)(B)(i)).

Under FRCP 59(e), "[a] motion to alter or amend a judgment must be filed no later than [twenty-eight] days after the entry of the judgment." Fed. R. Civ. P. 59(e). A court cannot "extend the time to act" under FRCP 59(e). Fed. R. Civ. P. 6(b)(2). Additionally, if a party moves "for relief under [FRCP] 60 . . . within the time allowed for filing a motion under [FRCP] 59[,]" then the notice of appeal becomes effective after the court rules on the pending FRCP 60 motion. Fed. R. App. P. 4(a)(4)(A)(vi), 4(a)(4)(B)(i).

Here, the Court entered judgment on December 2, 2024. Plaintiff filed her motion for reconsideration on December 31, 2024, twenty-nine days after entry of judgment. Plaintiff claims that she was not able to file the motion electronically on the twenty-eighth day because of technical issues and then promptly filed the motion in person on the twenty-ninth day. Pl. Reply Supp. Mot. for Recons., ECF [47], at 10. Regardless of the reason for the delay, to the extent that plaintiff's motion was made under FRCP 59(e), the motion was untimely. To the extent that plaintiff's motion was made under FRCP 60, because plaintiff did not file the motion within the requisite timeline, the motion was not "pending" under Federal Rule of Appellate Procedure 4(a)(4)(B)(i) when plaintiff simultaneously filed her notice of appeal. Accordingly, the notice of appeal was effective upon its filing, and the Court lacks jurisdiction over plaintiff's motion.

Moreover, even if the Court had jurisdiction, plaintiff identifies no newly discovered evidence, clear error, or intervening change in the law to support her request for reconsideration. To the contrary, plaintiff largely rehashes the same arguments she made in previous briefing on defendant's motion for summary judgment and her motions to compel. For example, plaintiff again argues that defendant's searches, *Vaughn* index, and declaration were not adequate; that defendant's redactions were not justified under Exemption 6; and that defendant did not produce specific records that plaintiff believes to exist. Plaintiff also raises for the first time other arguments that are not related to the eight FOIA requests at issue. However, plaintiff may not use the motion to relitigate old matters, and the Court declines to consider arguments raised for the first time on a motion for reconsideration. Accordingly, reconsideration is not justified, and the Court denies the motion. *See* Fed. R. Civ. P. 62.1(a)(2) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion[.]").

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Reconsideration, ECF [44], is DENIED.

IT IS SO ORDERED.

DATED this 18th day of March, 2025.

_____
Adrienne Nelson
United States District Judge