**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHANNON BERLANT,<br><br>     Plaintiff - Appellant,<br><br>v.<br><br>UNITED STATES ELECTION<br>ASSISTANCE COMMISSION,<br><br>     Defendant - Appellee. | No. 25-64<br><br>D.C. No. 3:23-cv-00257-AN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Submitted June 22, 2026[**]

Before:    CANBY, BENNETT, and BADE, Circuit Judges.

Shannon Berlant appeals pro se from the district court's summary judgment

in her action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a),

seeking documents from the United States Election Assistance Commission

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("EAC").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo. *Pomares v. Dep't of Veterans Affs.*, 113 F.4th 870, 879 (9th Cir. 2024).  We affirm.

The district court properly granted summary judgment because Berlant failed to raise a genuine dispute of material fact as to whether the EAC did not perform an adequate search in response to her requests or as to whether the EAC improperly withheld records under FOIA exemptions.  *See id.* (explaining that an agency fulfils its duty under § 552(a) to make records promptly available if it performs an adequate search); *id*. at 881-885 (describing how a government agency establishes that Exemptions 4 and 6 apply).

The district court did not abuse its discretion by denying Berlant's motions to compel because "the underlying case revolves around the propriety of revealing certain documents."  *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (setting forth standard of review and explaining limitations on discovery in FOIA actions).

The district court did not abuse its discretion by denying Berlant's motion for reconsideration because Berlant failed to establish any basis for relief.  *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rules of Civil Procedure 59 and 60).

**AFFIRMED.**

25-64